d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLYDE JORDAN, Plaintiff | CIVIL DOCKET NO. 1:22-CV-00308 |
| VERSUS | JUDGE DRELL |
| WALMART INC, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Amend filed by Plaintiff Clyde Jordan ("Jordan"). (ECF No. 20). Jordan seeks to add Wilcox Air, Inc. ("Wilcoxen") as a defendant. Wilcoxen is a Louisiana corporation. Thus, Wilcoxen's addition could destroy diversity of citizenship. Defendant Walmart, Inc. ("Walmart") opposes.

Jordan asserts a potentially viable claim against Wilcoxen. He has requested leave to do so in a timely manner. And he has *not* done so merely to defeat diversity jurisdiction. Therefore, IT IS RECOMMENDED that Jordan's Motion to Amend (ECF No. 20) be GRANTED, that this lawsuit be REMANDED to the Tenth Judicial District Court, and that Walmart's Motion for Summary Judgment (ECF No. 38) be DENIED AS MOOT.

I. <u>Background</u>

Jordan filed suit on September 28, 2021 in the Tenth Judicial District Court in Natchitoches Parish, Louisiana. Jordan claims that he slipped in a puddle of liquid and fell near a cash register in the Natchitoches Walmart store.

1

At the time of filing, Jordan named Walmart as the sole Defendant. Walmart answered and later removed, asserting diversity jurisdiction. ECF No. 1. Jordan subsequently filed this Motion to Amend. ECF No. 20. And Walmart has since moved for summary judgment. (ECF No. 38).

## II. Law and Analysis

### A. While leave to amend should be granted freely, the addition of a non-diverse defendant warrants additional scrutiny.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Under Rule 15, "[a] party may amend its pleading once as a matter of course . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). After 21 days, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Rule 15 "evinces a bias in favor of granting leave to amend." *Thompson v. Texas Dep't of Crim. Just.*, 67 F.4th 275, 283 (5th Cir. 2023) (internal quotation omitted). However, a district court may, in its discretion, deny a motion to amend "for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." Id. (quoting *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014)).[1] A court may also deny leave to amend where the movant

---

[1] A prproposed amendment is futile if it fails to state a viable claim under Fed. R. Civ. P. 12(b)(6). *Nix v. Major League Baseball*, 62 F.4th 920, 935 (5th Cir. 2023).

2

fails to provide the court with a copy of the proposed amendment or explain how the amendment would cure a prior deficiency. *See Nix*, 62 F.4th at 935.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Thus, "when faced with a motion to amend a complaint to add a nondiverse defendant in a removed case, federal courts are required to scrutinize the proposed amendment more closely than they would other proposed amendments." *Carbo v. Wal-Mart Louisiana LLC*, No. 6:20-CV-01192, 2020 WL 7373504, at *3 (W.D. La. Nov. 30, 2020), *report and recommendation adopted,* No. 6:20-CV-01192, 2020 WL 7379658 (W.D. La. Dec. 15, 2020).

More particularly, a court must balance the removing defendant's interest in retaining a federal forum with the movant-plaintiff's interests in seeking the amendment. *See id.* In its seminal decision on the subject, *Hensgens v. Deere & Co.*, the United States Court of Appeals for the Fifth Circuit listed four factors to be considered: "(1) whether the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff was dilatory in requesting the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) whether any other factors bear on the equities." *Carbo*, 2020 WL 7373504, at *4 (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).[2]

---

[2] Walmart did not consent to the proposed amendment. As such, the Court must analyze and apply the *Hensgens* factors. *Contra. Casey v. B H Mgmt. Servs. Inc.*, No. 5:18-CV-00947, 2021 WL 6077623, at *2 (W.D. La. Apr. 22, 2021).

### C. Jordan should be granted leave to amend and to add Wilcoxen as a defendant.

Each of the *Hensgens* factors favors leave to amend.

First, the record does not indicate that Jordan seeks to amend solely to defeat federal jurisdiction. Rather, Jordan moved to amend as the next step in a logical series of events, and for good reason.

In its Answer in state court, Walmart averred that "[t]he incident . . .was caused or contributed to by others for whom defendant had no responsibility." ECF No. 1-3 at 2. That assertion alone would not be decisive. However, Jordan was deposed on July 27, 2022 – just two months before he moved to amend. ECF No. 30-1 at 1. Jordan testified that he believed he slipped on water, and that the water pooled on the ground due to condensation on an air conditioning vent above. *Id.* at 7. He could not recall seeing condensation on the day he fell. But he did testify that he had seen condensation there previously. *Id.* at 6-8.

After his deposition, Jordan sent discovery requests to Walmart. Jordan sought, among other things, the identity of persons or organizations that had serviced the HVAC system at the Natchitoches Walmart location. In response, Walmart identified a Walmart associate, an entity called Walmart HVAC, and Wilcoxen as parties that had performed such service. ECF No. 21-1 at 2-3. Roughly one week later, Jordan moved to amend to add Wilcoxen.

Plainly, the amendment may affect diversity jurisdiction. Jordan acknowledges as much. But that fact does not indicate that Jordan intends to avoid the Court's jurisdiction. Jordan seeks to assert a potentially viable claim against a

4

third party identified by Walmart. His seeks recovery for any liability that Wilcoxen may have for causing or contributing to the condition – pooled water – that precipitated his fall. And while that liability may, and likely will, be contested, his allegations against Wilcoxen are facially plausible.

Second, Jordan was not dilatory in requesting the amendment. He sought leave only days after receiving Walmart's discovery responses identifying Wilcoxen. And given the pretrial deadlines in place, his motion was timely also.[3]

Third, Jordan could be prejudiced by Wilcoxen's absence. Walmart averred that third parties – including Wilcoxen – may be wholly or partially liable for Jordan's fall. Absent leave to amend, Jordan may be hampered in his ability to investigate and that possibility, and to obtain the full extent of any recovery to which he may be entitled.[4]

---

[3] The Court approved a series of pretrial deadlines on April 19, 2022. ECF No. 14. That pretrial schedule was later amended to allow the addition of parties until November 1, 2022. ECF No. 25. Jordan filed the Motion to Amend on September 30, 2022, well before that deadline passed. ECF No. 20.

On January 3, 2023, the Court stayed all pretrial deadlines. ECF No. 34. The pretrial conference has also been reset for October 18, 2023. ECF No. 37.

[4] Walmart argues that the Court should conduct a "summary inquiry" in this case. A summary inquiry may be appropriate in analyzing a motion to remand to determine whether an in-state defendant was improperly joined. *See, e.g., Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 69 (5th Cir. 2010); *see also Poole v. Wal-Mart Stores, Inc.*, No. 1:22-CV-00383, 2022 WL 17995604, at *3 (W.D. La. Dec. 5, 2022), report and recommendation adopted sub nom. *Poole v. Walmart Inc.*, No. 22-CV-383, 2022 WL 17993847 (W.D. La. Dec. 29, 2022); *White v. Herrington*, No. 1:19-CV-00498, 2020 WL 7485370, at *3 (W.D. La. Nov. 10, 2020), report and recommendation adopted sub nom. *White v. Harrington*, No. 1:19-CV-00498, 2020 WL 7485107 (W.D. La. Dec. 18, 2020). But our cases do not indicate that a summary inquiry should be used in considering a proposed amendment to add an in-state defendant *after* removal.

Finally, the balance of equities would favor leave to amend as well. Neither substantial discovery nor additional motion practice has taken place. And Walmart will not be deprived of any opportunity to pursue defenses to liability, including comparative fault.[5]

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Jordan's Motion to Amend (ECF No. 20) be GRANTED.

IT IS FURTHER RECOMMENDED that this lawsuit be REMANDED to the Tenth Judicial District Court in Natchitoches Parish, Louisiana.

IT IS FURTHER RECOMMENDED that that Walmart's Motion for Summary Judgment (ECF No. 38) be DENIED AS MOOT.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

---

[5] Walmart argues that Wilcoxen cannot be liable, and attaches a declaration from a Wilcoxen employee to establish that Wilcoxen did not service vents near the site of Jordan's fall. ECF No. 30-2 at 1. For reasons that exceed the proper scope of this opinion, the declaration does not foreclose the possibility of recovery against Wilcoxen. More importantly, the affidavit should not be considered as part of Walmart's response to this motion, which places the facial plausibility – and not the substantive merits – of Jordan's allegations at issue.

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, August 22, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE